UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HAMIT BUNYAT and BEHIYE UYANIKER,

                Plaintiffs,

-against-

SJM INDUSTRIES, LLC, WAVE
ENTERPRISES, INC., SHAWN
MUNDINGER, and NICK BURFORD,

                Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, HAMIT BUNYAT and BEHIYE UYANIKER (hereinafter, "Plaintiffs"), as and for their Complaint against Defendants, SJM INDUSTRIES, LLC, WAVE ENTERPRISES, INC., SHAWN MUNDINGER, and NICK BURFORD (hereinafter, "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Law") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, HAMIT BUNYAT ("Bunyat"), was employed by Defendants as a gas station attendant from on or about June 2011 until on or about March 2016.

6. Plaintiff, BEHIYE UYANIKER ("Uyaniker"), was employed by Defendants as a gas station attendant from on or about June 2011 until on or about March 2016.

7. Defendant, SJM INDUSTRIES, LLC ("SJM"), is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, WAVE ENTERPRISES, INC. ("Wave"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, Defendant SJM operated a gas station located at 270 West Main Street, Patchogue, New York from at least June 2011 until on or about December 2014.

10. Upon information and belief, Defendant Wave operated a gas station located at 270 West Main Street, Patchogue, New York since on or about December 2014 until at least March 2016.

11. Upon information and belief, Defendant SHAWN MUNDIGER (hereinafter, "Mundiger") is a resident of the State of New York.

12. Upon information and belief, Defendant NICK BURFORD (hereinafter, "Burford") is a resident of the State of New York.

13. At all relevant times, Defendant Mundiger was and still is an officer of Defendant SJM. Upon information and belief, at all times relevant, Mundiger exercised operational control over SJM, controlled significant business functions of SJM, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of SJM in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Mundiger has been an employer under the FLSA and the New York Wage and Hour Law.

14. At all relevant times, Defendant Burford was and still is an officer of Wave. Upon information and belief, at all times relevant, Burford exercised operational control over Wave, controlled significant business functions of Wave, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Wave in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Burford has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

15. At all times relevant to this action, Bunyat was employed as a gas station attendant for the benefit of and at the direction of Defendants at their gas station located at 270 West Main Street, Patchogue, New York.

16. Bunyat's responsibilities included pumping gas for customers and working the cash register.

17. During his employment, Bunyat worked Monday through Saturday from 5:30 a.m. until 5:30 p.m.

18. During his employment, Bunyat worked seventy-two (72) hours per week.

19. During his employment, Bunyat worked thirty-two (32) hours of overtime each week.

20. During his employment, Bunyat was paid partly in cash and partly in check.

21. At all times relevant to this action, Uyaniker was employed as a gas station attendant for the benefit of and at the direction of Defendants at their gas station located at 270 West Main Street, Patchogue, New York.

22. Uyaniker's responsibilities included pumping gas for customers and working the cash register.

23. During her employment, Uyaniker worked Monday through Saturday from 9:00 a.m. until 6:00 p.m.

24. During her employment, Uyaniker worked fifty-four (54) hours per week.

25. During her employment, Uyaniker worked fourteen (14) hours of overtime each week.

26. During her employment, Uyaniker was paid in cash.

27. During their employment, Plaintiffs did not receive and did not take any uninterrupted meal breaks.

28. During their employment, Defendants did not require Plaintiffs to clock in or out of any of their shifts.

29. During their employment, Defendants paid Plaintiffs by the hour.

30. During their employment, Defendants paid Plaintiffs straight time for all hours that they worked each week.

31. During their employment, Defendants did not pay Plaintiffs overtime compensation.

32. During their employment, Defendants did not pay Plaintiffs one and a half times their regular rate of pay when they worked more than 40 hours each week.

33. During their employment, Defendants did not record the actual hours that Plaintiffs worked each day and each week.

34. During their employment, Defendants did not give Plaintiffs wage notices as required by NYLL section 195(1).

35. During their employment, Defendants did not give Plaintiffs wage statements, or weekly paystubs, as required by NYLL section 195(3).

36. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

37. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

38. Defendants were aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

39. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

40. Defendant Mundinger participated in the decision to hire Plaintiffs.

41. Defendant Mundinger participated in the decision to fire Plaintiffs.

42. Defendant Mundinger participated in the daily supervision of Plaintiffs' duties.

43. Defendant Mundinger participated in setting Plaintiffs' work schedules.

44. Defendant Mundinger participated in deciding the manner in which Plaintiffs were paid during their employment.

45. Defendant Mundinger participated in running the day-to-day operations of SJM during Plaintiffs' employment.

46. Defendant Mundinger participated in deciding the hours that Plaintiffs worked each week during their employment.

47. Defendant Mundinger participated in deciding the job duties that Plaintiffs performed on a daily basis during their employment.

48. Defendant Burford participated in the decision to hire Plaintiffs.

49. Defendant Burford participated in the decision to fire Plaintiffs.

50. Defendant Burford participated in the daily supervision of Plaintiffs' duties.

51. Defendant Burford participated in setting Plaintiffs' work schedules.

52. Defendant Burford participated in deciding the manner in which Plaintiffs were paid during their employment.

53. Defendant Burford participated in running the day-to-day operations of Wave during Plaintiffs' employment.

54. Defendant Burford participated in deciding the hours that Plaintiffs worked each week during their employment.

55. Defendant Burford participated in deciding the job duties that Plaintiffs performed on a daily basis during their employment.

## COUNT I
## FLSA Overtime Claim

56. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

57. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

58. The Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are enterprises engaged in commerce or in the production of goods for commerce.

59. Upon information and belief, the gross annual volume of sales made or business done by Wave for the years 2016 and 2015 was not less than $500,000.00.

60. Upon information and belief, the gross annual volume of sales made or business done by SJM for the year 2014 was not less than $500,000.00.

61. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who worked as gas station attendants.

62. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

63. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

64. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

65. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

67. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

68. Defendants have not acted in good faith with respect to the conduct alleged herein.

69. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

70. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

71. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

73. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Articles.

74. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty hours a week for defendants.

75. Plaintiffs are not exempt from the overtime provisions of the New York Labor Law, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

76. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

78. Defendants willfully failed to furnish Plaintiffs with wage notices during the entirety of their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof;

the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

79. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

80. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL FAILURE TO PROVIDE WAGE STATEMENTS

81. Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

82. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

83. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A. Declare and find that the Defendants committed one or more of the following acts:

        1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs;

        2. Willfully violated overtime provisions of the FLSA;

        3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiffs;

        4. Willfully violated the overtime wages of the NYLL.

    B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

    C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

    D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

    E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       March 14, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT CONSENT FORM

      I, the undersigned, consent to be a party in <u>Hamit Bunyat v. SJM Industries LLC, et al.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: Massapequa, New York
       February 21, 2017

_____
Hamit Bunyat

# FAIR LABOR STANDARDS ACT CONSENT FORM

      I, the undersigned, consent to be a party in <u>Behiye Uyaniker v. SJM Industries LLC, et al.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: Massapequa, New York
        February 21, 2017

                                                        _/s/ Behiye Uyaniker_
                                                          Behiye Uyaniker